SILVERMAN, Circuit Judge,
dissenting:
The district court entered a preliminary forfeiture order for the full forfeiture sales proceeds, then entered a final forfeiture order reducing the amount by $87,666.80. Grossi appealed the forfeiture; the government cross-appealed the reduction. We reversed the reduction but otherwise upheld the forfeiture, and we did so as explicitly as possible: “Grossi’s forfeiture is upheld. On Grossi’s appeal, AFFIRMED; on the government’s cross-appeal, REVERSED.”
It is hard to imagine how an appellate ruling could have been any clearer or more final. There was no remand, no equivocation, no directions for further proceedings, nothing left to be resolved. The forfeiture was upheld, period, except that the reduction in Grossi’s favor was disallowed.
When the case returned to the district court for implementation of our mandate, and despite having lost both his appeal and the government’s cross-appeal, Grossi took another stab at getting his $87,600 reduction. As Grossi himself put it, “The Court left open the question of whether the $87,600 interest is subject to forfeiture.” That is flatly wrong. There is no such opening. When our prior panel ruled that the reduction was disallowed and the “forfeiture is upheld,” that meant that the reduction was disallowed and the forfeiture upheld. Unless matters are left open by the mandate, “the district court cannot give relief beyond the scope of that mandate.” Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust, 824 F.2d 765, 767 (9th Cir.1987).
The majority says that the previous panel did not explicitly address Grossi’s present legal argument about the $87,600 reduction. Perhaps, but Grossi failed to raise it the last time around even though he could have. Grossi had every right, in responding to the government’s cross-appeal, to defend the district court’s ruling in his favor on any ground supported by the record. See United States v. Craighead, 539 F.3d 1073, 1080 n. 2 (9th Cir.2008). He could have argued in the first appeal, as he does now, that his claim to the $87,600 reduction was justified by some other legal theory supposedly supported by the evidence, but he didn’t.
The district court was clearly correct in declining to do anything other than give effect to the previous panel’s mandate. I would affirm.